Jed W. Manwaring, ISB No. 3040
Aaron R. Bell, ISB No. 10918
EVANS KEANE LLP
1161 West River Street, Ste. 100
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514
Email:   jmanwaring@evanskeane.com
         abell@evanskeane.com

AILEN CRUZ, ESQ. (*pro hac vice forthcoming*)
acruz@guerrapartners.law
Fla. Bar No. 105826
CHEMERE K. ELLIS, ESQ. (*pro hac vice forthcoming*)
cellis@guerrapartners.law
Fla. Bar No. 125069
GUERRA & PARTNERS, P.A.
1408 N. West Shore Blvd., Suite 1010
Tampa, FL  33607
Tel: (813) 347-5100
Fax: (813) 347-5198

*Attorneys for Petitioner Burton W. Wiand, Receiver*

**U.S. COURTS**

**APR 03 2024**

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BURTON W. WIAND, as Receiver for OASIS INTERNATIONAL GROUP, LTD.; OASIS MANAGEMENT, LLC; AND SATELLITE HOLDINGS COMPANY,<br><br>Petitioner,<br><br>v.<br><br>INTERMOUNTAIN PRECIOUS METALS LLC,<br><br>Respondent. | Case No<br><br>**MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA DUCES TECUM AND FOR SANCTIONS**<br><br>(Subpoena issued in action pending in the M.D. Fla.) |

Burton W. Wiand, the Court-appointed Receiver for, and over the assets of, Oasis International Group, Limited; Oasis Management, LLC; and Satellite Holdings Company, et al. (collectively, the "**Receivership Entities**") pursuant to the District Court for the Middle District of Florida's order dated July 11, 2019 (the "**Consolidated Order**"[1]) in the matter *Commodity Futures Trading Commission v. Oasis International Group, Limited, et al.*, Case No. 8:19-CV-886-T-33SPF ("**Receivership Action**"), respectfully requests the entry of an order compelling the production of documents subpoenaed from Intermountain Precious Metals LLC ("**IPM**"), holding IPM in contempt of court, awarding the Receivership Estate its reasonable costs and fees associated with having prepared and filed this motion, and any other relief as the Court deems just and necessary. In support, the Receiver states:

## BACKGROUND OF UNDERLYING MATTER IN THE MIDDLE DISTRICT OF FLORIDA[2]

On April 15, 2019, the Commodity Futures Trading Commission ("**CFTC**") filed a complaint (R. Doc. 1) against (1) defendants Oasis International Group, Limited ("**OIG**"); Oasis Management, LLC ("**Oasis Management**"); Michael J. DaCorta ("**DaCorta**"); Joseph S. Anile, II ("**Anile**"); Francisco "Frank" L. Duran ("**Duran**"); Satellite Holdings Company ("**Satellite Holdings**"); John J. Haas ("**Haas**"); and Raymond P. Montie, III ("**Montie**")

---

[1] On July 11, 2019, the District Court for the Middle District of Florida entered the Consolidated Order (Receivership Action ("R") Doc. 177), which combined and superseded two prior orders (R. Docs. 7 and 44) and is the operative document governing the Receiver's activities. *See also* R. Doc. 390 (reappointing Receiver).

[2] The Receivership Action has been pending since 2019 and has a long procedural history. The Receiver respectfully directs the Court to the Nineteenth Interim Report filed in the Receivership Action, which provides a detailed background of the Receivership Action. A copy of the Nineteenth Interim Report is attached as **Exhibit A**.

*MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA DUCES TECUM AND FOR SANCTIONS - 2*

(collectively, the "**Oasis defendants**"), as well as several relief defendants who were alleged to hold assets belonging to the Oasis Entities.

The complaint charges the Oasis defendants with violations of the Commodity Exchange Act and CFTC regulations and seeks to enjoin their violations of these laws regarding a fraudulent foreign currency ("**forex**") trading scheme. The CFTC alleges that between mid-April 2014 and April 2019, the Oasis defendants fraudulently solicited over 700 U.S. residents to invest in two forex commodity pools—Oasis Global FX, Limited and Oasis Global FX, S.A. (collectively, the "**Oasis Pools**"). The CFTC also asserts that the defendants raised approximately $75 million from these investors and misappropriated over $28 million of the pool funds to make payments to other pool participants and over $18 million for unauthorized personal and business expenses, including the transfer of at least $7 million to the relief defendants.

On the same day the CFTC filed its complaint, April 15, 2019, the Court entered an order appointing Burton W. Wiand as temporary Receiver for the Receivership Entities (R. Doc. 7) (the "**SRO**"). The Court directed him, in relevant part, to "[t]ake exclusive custody, control, and possession of the Receivership Estate," which includes "all the funds, properties, premises, accounts, income, now or hereafter due or owing to the Receivership Defendants, and other assets directly or indirectly owned, beneficially or otherwise, by the Receivership Defendants." *Id.* The SRO also imposed a temporary injunction against the defendants and relief defendants and froze their assets. *Id.* at 19. The Receiver was subsequently appointed permanent Receiver for the Receivership Entities, and the Consolidated Order, which combined and superseded two prior Receivership appointment orders, became the operative

document governing the Receiver's activities. The Consolidated Order contained the same mandate for the Receiver to identify and take custody of assets belonging to the Receivership Entities. Assets recovered by the Receiver as part of this process are ultimately intended to benefit the defrauded investors.

## SUBPOENA BACKGROUND

On December 11, 2023, the Receiver, as part of his mandate to identify and collect assets of the Receivership Entities, served a subpoena, through his undersigned general counsel, in the Receivership Action on non-party IPM (the "**Subpoena**"). A copy of the subpoena is attached as **Exhibit B** and proof of service is attached as **Exhibit C**. IPM is an Idaho limited liability company with its principal address in Caldwell, Idaho. The deadline to respond to the Subpoena, as stated therein, was January 2, 2024. IPM failed to comply with the deadline and did not object to the Subpoena. Counsel for the Receiver contacted IPM via telephone on January 25, 2024, to meet and confer regarding IPM's failure to respond. IPM's purported owner, Nathan Young, informed the Receiver's counsel that IPM did not intend to respond to the Subpoena. Mr. Young contended (erroneously) that IPM was not required to respond to the Subpoena because it was signed by counsel and not the Clerk.

On March 22, 2024, counsel for the Receiver once again called Mr. Young in another attempt to meet and confer on the issue. Mr. Young reiterated that he did not believe the Subpoena was valid because it was not signed by the clerk of court. Counsel for the Receiver explained that pursuant to Rule 45 of the Federal Rules of Civil Procedure, subpoenas may be issued by either the clerk of court or attorneys. Counsel for the Receiver also sent Mr. Young multiple emails explaining the validity of the Subpoena and attempting to confer on

the issue. Copies of the emails are attached as **Composite Exhibit D**. To date, IPM has not responded to the Subpoena.

The Receiver issued the Subpoena in an attempt to shed light on the troubling relationship between Michael J. DaCorta, the mastermind behind the Oasis scheme (who has been convicted in a parallel criminal matter and is currently serving a prison term) and Brent Winters, an attorney who has both claimed to represent numerous defrauded investor claimants in the Receivership and who has also assisted Mr. DaCorta behind the scenes in attaining legal counsel. The Receiver has obtained documents which show that claimants in the Receivership paid money to an entity connected to Mr. Winters and those funds were used to make significant payments to IPM and to pay for counsel for Mr. DaCorta. At minimum, it appears that IPM is somehow connected to both Mr. Winters and Mr. DaCorta, and that it has received money from Receivership claimants. The documents requested in the Subpoena will provide crucial information for the Receiver's investigation in his attempt to recover Receivership assets.[3]

## MEMORANDUM IN SUPPORT

Rule 45 governs discovery of non-parties by subpoena. Rule 45(a)(1)(D) provides in relevant part:

> A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.

Rule 45 further states:

---

[3] The Receiver's Nineteenth Interim Report provides a detailed overview of the Receiver's investigation. *See* Ex. A at 12-21.

*MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA DUCES TECUM AND FOR SANCTIONS - 5*

A Subpoena may be served at any place within the United States.

Fed.R.Civ.P. 45(b)(2). Rule 45 further states:

> A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Fed.R.Civ.P. 45(d)(2)(B).

That rule additionally states that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed.R.Civ.P. 45(d)(2)(B)(i). "If a nonparty fails to timely and properly object to a subpoena, its objection is generally waived." *United States v. Rhodes*, 2024 WL 915004, at *2 (D. Idaho 2024). Rule 45(e) also provides that the issuing court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." *See also In re Pham*, 2017 WL 5148452, at *7 (B.A.P. 9th Cir. 2017) ("if, as here, the nonparty fails to object to a subpoena, the proper procedure is for the requesting party to seek an order of contempt under Civil Rule 45(g)").

Here, there are no contested issues regarding the Subpoena. The Receiver issued a valid subpoena seeking relevant information concerning the investigation into the relationship between Mr. Winters, Mr. DaCorta and IPM. IPM failed to respond or object to the Subpoena. This motion is properly filed in this Court because it is the court where compliance is required. Accordingly, the Court should compel IPM to comply with the Subpoena and produce responsive documents immediately. Additionally, the Court should hold IPM in

contempt for its failure to respond to or object to the Subpoena and issue sanctions against IPM. The Court should also award the reasonable fees and costs to the Receiver for having to prepare and file this Motion, which could have been avoided.

Pursuant to Rule 45(f), the Receiver respectfully requests that the Court transfer the adjudication of this Motion to the issuing court, the District Court for the Middle District of Florida. As grounds thereunder, the Receiver states that transfer to the issuing court will not only be more efficient since the issuing court has extensive familiarity with the complexities of the underlying matter, including the familiarity with Mr. DaCorta as architect of the Oasis scheme and Mr. Winters as purported representative of claimants of the Oasis Entities, but the Receiver also expects that he may need to file additional motions to compel compliance with other subpoenas that were served or will be served in other districts around the Country. *See* 2013 Advisory Committee Notes to FRCP 45(f).

WHEREFORE, the Receiver respectfully requests the entry of an order compelling the production of documents subpoenaed from IPM, holding IPM in contempt of court, awarding the Receivership Estate its reasonable costs and fees associated with having prepared and filed this motion, and any other relief as the Court deems just and necessary. If the Court is inclined to award fees and costs, the Receiver respectfully requests that he be allowed 10 days to submit the necessary documents supporting the fees and costs incurred.

### DISTRICT LOCAL RULE CIV 37.1 CERTIFICATE OF COUNSEL

As described herein, the general (i.e., non-local) counsel for the Receiver made attempts via telephone conference and written email communication to resolve the disputed issue of compliance with the Subpoena. The parties were unable to resolve their dispute.

Dated this 2nd day of April, 2024

          EVANS KEANE LLP

          By   /s/ Jed W. Manwaring
          Jed W. Manwaring, Of the Firm Attorneys
          for Petitioner

          -and-

          Ailen Cruz, Esq. (*pro hac vice forthcoming*)
          acruz@guerrapartners.law
          Fla. Bar No. 105826
          Chemere K. Ellis, Esq. (*pro hac vice forthcoming*)
          cellis@guerrapartners.law
          Fla. Bar No. 125069
          **GUERRA & PARTNERS, P.A.**
          1408 N. West Shore Blvd., Suite 1010
          Tampa, FL 33607
          Tel: (813) 347-5100
          Fax: (813) 347-5198

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing by email and by first-class mail/personal service to the following non-CM/ECF participants:

Intermountain Precious Metals LLC (19833 Middleton Rd. Caldwell, ID 83605)
c/o Serenity Young
1720 E. Bishop Way
Eagle, ID 83616

ipmdirect@aol.com

                                   /s/ Jed W. Manwaring
                                  Jed W. Manwaring