UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BURTON W. WIAND, as Receiver for OASIS INTERNATIONAL GROUP, LTD.; OASIS MANAGEMENT, LLC; AND SATELLITE HOLDINGS COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN PRECIOUS METALS LLC,<br><br>  Defendant. | Case No. 1:24-mc-00086-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Plaintiff Burton W. Wiand's Motion to Compel Compliance with Non-Party Subpoena Duces Tecum and for Sanctions. (Dkt. 1). For the reasons set forth below, the Court grants the motion.

### I.  BACKGROUND

This action is an ancillary proceeding to an ongoing lawsuit in the United States District Court for the Middle District of Florida. (*See Commodity Futures Trading Comm'n v. Oasis Int'l Group, Ltd., et al.*, Case No. 8:19-cv-00886-VMC-SPF). The defendants in the underlying lawsuit were alleged and adjudicated to have violated federal commodities law by defrauding investors of over $50 million. (*Id.*, Dkts. 780, 781). Relevant here, the court in the underlying lawsuit appointed Plaintiff Burton W. Wiand as receiver of the assets for several of the underlying defendants. (Dkts. 7, 177).

In December 2023, Wiand served a subpoena duces tecum on Intermountain Precious Metals LLC (IPM), a non-party to the underlying lawsuit, requesting documents from IPM that

**MEMORANDUM DECISION AND ORDER - 1**

Wiand believed were relevant to identify receivership assets. (Dkt. 1-2). The deadline to respond to the subpoena was January 2, 2024. (*Id.*). IPM neither complied with nor objected to the subpoena by that date and has since refused to respond to the subpoena.

In April 2024, Wiand initiated this action by filing the motion to compel and for sanctions. (Dkt. 1). The motion requests that the Court compel IPM to comply with the subpoena, hold IPM in contempt of court, and award Wiand costs and attorney fees associated with the motion.[1] (*Id.*). In response to the motion, Nathan Young appeared pro se on behalf of IPM—which remained unrepresented by an attorney—and filed a response and sur-reply in opposition to the motion to compel and for sanctions. (Dkts. 3, 7).

On June 18, 2024, the Court issued its Order to Show Cause, explaining that IPM could not proceed pro se in this matter; Mr. Young could not appear on behalf of IPM; Mr. Young's response and sur-reply memoranda would not be considered by the Court; and IPM had failed to formally appear in this action or respond to the motion to compel. (Dkt. 8). The Order gave IPM until July 19, 2024, to advise the Court as to how it will be represented and comply with District of Idaho Local Civil Rule 83.4(d) (Dkt. 8); *see also* Dist. Idaho Loc. Civ. R. 83.4(d) ("Appearance by Entities Other than an Individual. Whenever an entity other than an individual desires or is required to make an appearance in this Court, the appearance shall be made only by an attorney of the bar of this Court or an attorney permitted to practice under these rules."). Specifically, the

---

[1] Wiand has also requested the Court transfer the adjudication of this motion to the issuing court because, in his view, transfer will provide more efficient resolution of the motion and any other subpoena issues that arise. (Dkt. 1, at p. 7) (citing 2013 Advisory Comm. Notes to Fed. R. Civ. P. 45(f)). The Court denies this request. IPM has not consented to transfer, and there are no exceptional circumstances that justify transfer. *See* Fed. R. Civ. P. 45(f). Transfer would burden IPM, a non-party, and the Court is not persuaded the issuing court is better situated under the circumstances to resolve the motion to compel and for sanctions. *See* 2013 Advisory Comm. Notes to Fed. R. Civ. P. 45(f).

**MEMORANDUM DECISION AND ORDER - 2**

Order stated, "[f]ailure to file said notice and comply with Local Civil Rule 83.4(d) may be construed as IPM's consent to the Court granting the motion to compel." (Dkt. 8, at p. 3).

On July 18, 2024, in response to the Court's Order to Show Cause, Mr. Young filed two notices. The first notice stated IPM "is seeking counsel and intends to proceed with legal representation." (Dkt. 9). The second notice stated Mr. Young was asserting "his right to Fifth-Amendment protection." (Dkt. 10).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure "45(g) permits the Court to hold a non-party who fails to comply with a subpoena in contempt, including a finding that any objections have been waived." *Hyde v. Cnty. of Sutter*, No. 2:20-CV-0577-DJC-DMC, 2023 WL 3062047, at *1 (E.D. Cal. April 24, 2023) (citation omitted). Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Rule 45 does not define "adequate excuse." *See* Fed. R. Civ. P. 45 Advisory Committee's Note to 1991 Amendment.

## III.  ANALYSIS

The Court will grant the motion to compel and for sanctions to the extent it requests that the Court hold IPM in contempt of court. IPM has not complied with the Court's Order to Show Cause by failing to obtain counsel and has, consequently, failed to formally appear in this action or oppose the motion. As a result, the Court can only conclude that IPM is in contempt of court for wrongfully refusing to comply with a valid subpoena.

### A.  IPM's Failure to Comply with the Court's Order to Show Cause

As a preliminary matter, IPM has not complied with the Court's Order to Show Cause. As already explained, the Court's Order gave IPM until July 19, 2024, to advise the Court how it

would be represented pursuant to District of Idaho Local Civil Rule 83.4(d) and warned that failure to comply with Local Civil Rule 83.4 would be considered IPM's acquiescence to the Court granting the motion. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1). In other words, IPM had until July 19, 2024, to obtain counsel and notify the Court of such, or else the Court would construe IPM's non-appearance as its non-opposition to the motion.

Unfortunately, IPM did not retain counsel by July 19, 2024, and remains unrepresented. (Dkt. 9). Although IPM is apparently "seeking" counsel and "intends" to obtain legal representation, it does not indicate what additional time is needed to obtain counsel or what, if any, efforts have been made to that end so far. (*Id.*). As a result, it is unclear if IPM has attempted in good faith to comply with the Court's order or if providing additional time would ensure that IPM obtains counsel. In short, although it has been over forty days since the Court issued its Order to Show Cause, IPM has neither obtained counsel nor explained why it has failed to do so. Accordingly, IPM has not complied with the Order to Show Cause, and the Court declines to provide any additional time for IPM to find counsel. Instead, as promised, the Court construes IPM's non-appearance and failure to respond to the motion as its consent to the Court granting it. *See* Dist. Idaho Loc. Civ. R. 7.1(e)(1).

B. **The Motion to Compel and for Sanctions**

Based on IPM's non-appearance and non-opposition to the motion, the Court can only conclude based on the record before it that IPM has wrongfully refused to comply with the subpoena and, accordingly, is in contempt of court. "When a nonparty is served with a subpoena, it has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3)." *Konyen v. Lowes Home Centers, LLC*, No. 3:22-CV-00538-MMD-CLB, 2024 WL 1961913, at *3 (D. Nev. May 3, 2024) (citation omitted). Objections to a

MEMORANDUM DECISION AND ORDER - 4

subpoena must be served before the earlier of the time specified for compliance or fourteen days after the subpoena is served. *See* Fed. R. Civ. P. 45(d)(2)(B). To quash a subpoena, a party must file its motion to quash before the time specified in the subpoena for compliance. *See Canton v. U.S. Foods, Inc.*, No. 22-cv-04226-TLT (LJC), 2023 WL 4053798, at *3 (N.D. Cal. June 16, 2023) (citation omitted). "If a nonparty fails to timely and properly object to a subpoena, its objection is generally waived." *United States v. Rhodes*, No. 1:23-mc-00304-BLW, 2024 WL 915004, at *2 (D. Idaho Mar. 4, 2024). Moreover, if a "nonparty fails to object to a subpoena, the proper procedure is for the requesting party to seek an order of contempt under Civil Rule 45(g)." *In re Pham*, No. CC-17-1000-LSTa, 2017 WL 5148452, at *7 (9th Cir. Nov. 6, 2017) (citations omitted).

To establish civil contempt, the moving party has the burden of showing by clear and convincing evidence that the responding party violated a specific court order. *See Moore v. Chase, Inc.*, No. 1:14-cv-01178-SKO, 2015 WL 5732805, at *3 (E.D. Cal. Sept. 29, 2015) (citing *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999)). If the moving party satisfies that burden, the burden shifts to the responding party to show why compliance was not possible. *Id.* "Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Id.* at *2 (citation omitted).[2]

Here, Wiand has established that he served a valid subpoena on IPM on December 11, 2023, and that IPM did not move to quash or otherwise serve a timely objection to the subpoena

---

[2] Before being held in contempt, a non-party is generally entitled to notice and an opportunity to be heard. *See In re Pham*, No. CC-17-1000-LSTa, 2017 WL 5148452, at *7 (9th Cir. Nov. 6, 2017). IPM has had both in this case. IPM received notice the Court would consider whether IPM was in contempt of court when Wiand filed his motion in April 2024. IPM had the opportunity to respond to the accusation it was in contempt of court but, as explained, failed to obtain counsel as required by Local District Rule 83.4(d). Then, in its Order to Show Cause, the Court provided IPM additional time to obtain counsel and respond to the motion. But, again, IPM failed to do so.

**MEMORANDUM DECISION AND ORDER - 5**

as prescribed by Rule 45(d). (Dkts. 1, 1-1). IPM therefore waived any objection to the subpoena and was obliged to produce the subpoenaed documents as a result. Further, because IPM has failed to formally appear in this proceeding pursuant to Local Civil Rule 83.4(d), the Court cannot conclude IPM had any adequate excuse for refusing to comply with the subpoena. Thus, pursuant to Rule 45(g), the Court finds IPM is in contempt of court. Accordingly, IPM is subject to sanctions, including the reasonable attorney fees and costs of this motion incurred by Wiand, unless IPM complies with the subpoena within thirty days of this order. *See Moore*, 2015 WL 5732805, at *3 (citation omitted) ("A civil contempt order must include a 'purge' condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due.").

Lastly, the Court briefly addresses Mr. Young's purported assertion of his Fifth Amendment privilege against self-incrimination in response to the subpoena served on IPM. (Dkt. 10). "The Fifth Amendment privilege against compulsory self-incrimination is personal in nature." *United States v. Feng Juan Lu*, 248 F. App'x 806, 807 (9th Cir. 2007) (citing *Bellis v. United States*, 417 U.S. 85, 90 (1974)). "[C]ollective entities do not enjoy this privilege because they are legal entities distinct from their members." *Id.* Thus, "an individual who holds records in a representative capacity cannot rely upon the privilege to avoid producing the records of the collective entity." *Id.* (citing *Braswell v. United States*, 487 U.S. 99, 108-09 (1988)). Relevant here, LLCs are collective entities. *Id.* at 808 (concluding single-member LLC was a collective entity and the member could not assert her Fifth Amendment privilege on behalf of the LLC). Therefore, to the extent Mr. Young attempts to resist disclosing the subpoenaed documents of IPM by asserting his privilege against self-incrimination, he is mistaken. Mr. Young's protection

**MEMORANDUM DECISION AND ORDER - 6**

against self-incrimination is personal to him and does not provide grounds for disobeying the subpoena.

## IV.  ORDER

**IT IS ORDERED that:**

1. The Motion to Compel Compliance with Non-Party Subpoena Duces Tecum and for Sanctions (Dkt. 1) is **GRANTED**. Intermountain Precious Metals, LLC is in CONTEMPT OF COURT for failing to comply with the subpoena served on it by Plaintiff Burton W. Wiand. IPM is subject to sanctions, including the reasonable attorney fees and costs of this motion incurred by Wiand, unless it complies with the subpoena within thirty (30) days of this order.

2. If IPM fails to comply with the subpoena and produce the subpoenaed documents within thirty (30) days of this order, Wiand is directed to submit a memorandum of costs for the reasonable expenses, including attorney fees, incurred in making this motion.

DATED: August 05, 2024

Amanda K. Brailsford
U.S. District Court Judge